IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRET TERRY MASONRY, INC., <br><br> Defendant. | Civil Action No. 06-0964 (GK) |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF

Plaintiffs, by their attorneys, and in accordance with Federal Rule of Civil Procedure 55(b)(2), move this Court to enter a default judgment in favor of the Plaintiffs and against Defendant in the amount of $93,210.88 on the ground that default has been entered against Defendant for failure to answer the Complaint of Plaintiffs. This motion is supported by the Declarations of David F. Stupar, attached hereto as Exhibit A, and Ira R. Mitzner, attached hereto as Exhibit B. The certificate of the Clerk of this Court declaring Defendant in default is attached hereto as Exhibit C. A copy of the Complaint filed by Plaintiffs is attached hereto as Exhibit D.

## FACTS

Plaintiffs, John Flynn, et al., filed the Complaint in this case on May 24, 2006. Defendant was served with the Summons and Complaint on June 8, 2006, executed an Acknowledge of Receipt of Summons and complaint form on June 27, 2006, and failed to file an Answer to the Complaint. On September 25, 2006, the Clerk of this Court declared Bret Terry Masonry, Inc. in default.

## ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure provides that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk shall enter the party's default and "the party entitled to a judgment by default shall apply to the court therefor." Defendant has failed to answer the Complaint, default has been entered by the Clerk, and Plaintiffs are entitled to judgment. Accordingly, Plaintiffs' motion for a default judgment should be granted. *See, e.g., Trustees of the Local 306, United Ass'n. Health & Welfare Fund v. Am. Testing & Inspection, Inc.*, No-88-2274-OG, 1988 WL 134942, *1 (D. D.C. Nov. 30, 1988) (entering default judgment where "defendant has failed to respond at any step of these proceedings or otherwise enter an appearance"); *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 901 (11th Cir. 1990) (affirming entry of default judgment as "[n]either the text of the Federal Rules, nor judicial interpretation placed in the rules by the Federal Courts contemplate that a party may totally ignore pleadings and notices it receives").

## CONCLUSION

For the foregoing reasons, a default judgment in favor of Plaintiffs and against Defendant in the amount of $93,210.88 should be entered.

Date: December 22, 2006

Respectfully submitted,

By _____
Ira R. Mitzner (D.C. Bar No. 184564)
DICKSTEIN SHAPIRO LLP
 1825 Eye Street, N.W.
Washington, DC  20006
(202) 420-2234

Counsel for Plaintiffs

DSMDB-2189471v01

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Entry of Default Judgment was served by first-class mail, postage prepaid, on the 22nd day of December, 2006 upon:

>Bret Terry Masonry, Inc.
>3629 S Fox Street, Suite A
>Englewood, CO  80110

_____
Andrea Newell